MARY A. G. MORLOCK, Appellant, Respondent, *v.* FRANK L. HAMILTON, Respondent, Appellant.

GEORGE M. MORLOCK, Appellant, Respondent, *v.* FRANK L. HAMILTON, Respondent, Appellant.

Fourth Department, May 8, 1929.

*Nottingham, Clymer, Smith & Kingsley* [*Henry S. Fraser* of counsel], for the plaintiffs.

*Hitchcock, Murphy, Mawhinney & Cohen* [*Joseph B. Murphy* and *Arthur L. Cohen* of counsel], for the defendant.

CROUCH, J. The learned trial judge denied a motion to resettle the case by adding certain words to a requested charge. The stenographer's minutes did not contain the words; the recollection of trial counsel, of course, differed; and the judge himself had no clear independent recollection. While such a situation would ordinarily lead to a denial, it need not necessarily do so. In determining what occurred, the trial judge is not concluded by the stenographer's minutes, important as they are, nor by his own lack of memory. Any other means which may satisfy his conscience and enable him to make a truthful return are open to him. Here the pleadings, the respective theories of the parties, the colloquies of court and counsel, the main charge of the court, the other requests to charge — in short, the whole course of the trial — render it most improbable that the requested charge was correctly reported. We think the trial judge, in disregarding, as he somewhat unwillingly did, this convincing circumstantial evidence, misapprehended the extent of the field open to him under the rule.

The matter becomes unimportant, however, in view of our conclusion on the appeal from the judgment. The sole issue litigated and submitted to the jury was whether the one or the other driver turned his car to the left, or failed to keep to the right in passing. If we accept the record of the requested charge as it appears, the palpable error was harmless. The duty of the drivers under the statute and under the common-law rule of the road is the same. A breach of both was pleaded; the main charge clearly submitted the issue to the jury; there could have been no possible

misapprehension of the correct rule of law, and the verdict is not against the weight of the evidence.

The judgments and orders denying a new trial should be affirmed, with costs. The appeal from the order denying resettlement should be dismissed, without costs.

All concur, except TAYLOR, J., who dissents in a memorandum and upon plaintiffs' appeals votes for affirmance and upon defendant's appeals votes for reversal on the law. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

TAYLOR, J. (dissenting). The learned trial court, in passing upon the motion to amend the case on appeal, has not proceeded in violation of the authorities bearing upon that subject as I read them. The memorandum filed is to the effect that the court had a feeling that the stenographer's transcript was inaccurate, and that while the court had an indistinct recollection that the request as made may have been different from that shown in the record and also different from what the appellant claims, still, that the court had no independent recollection on the subject involved and evidently no means of satisfying itself that the record should be amended as requested. It seems then that the determination made was the only one that could have been made and that the order should be affirmed.

In the charge to the jury the learned court stated, in general terms, that under the " law of this State " the duty of the automobile driver who meets another driver upon the highway is to keep his car under reasonable control and to drive in a reasonably careful and prudent manner. No special reference was made to anything in the common law requiring drivers to turn to the right of the center of the highway upon meeting other drivers. Then the learned court added this: " Of course, you are all familiar with the provision of the Highway Law that requires cars, when they are about to meet and pass, that each car shall turn to the right a sufficient distance to give the other car reasonable clearance as they pass."

This statement, although informal, gave the jury substantial information as to the provisions of the statutes of the State requiring automobile drivers to keep to the right, when meeting other automobiles, sufficiently to avoid collisions. (Highway Law, § 286, subd. 9, added as subd. 3 by Laws of 1910, chap. 374, renum. by Laws of 1918, chap. 540, as amd. by Laws of 1921, chap. 580; Gen. Highway Traffic Law, § 12, subd. 6.)*

* Now Vehicle and Traffic Law, § 82, subd. 5. See Laws of 1929, chap. 54, §§ 95, 99, 105.— [REP.

After the charge, plaintiffs' counsel made this request: "I ask Your Honor to say to the jury that there is no evidence in this case from which they can say that either the plaintiff or defendant violated any statute or ordinance. The Court: I so charge. Exception to defendant."

There was so much credible testimony that plaintiff Mary A. G. Morlock was driving to the (her) left of the center of the highway, or did not "keep to the right, so as to insure safe passage, and this without regard to the middle line of the highway," when the collision occurred, that it is a matter of grave doubt whether plaintiffs sustained their burden of showing the sole negligence of the defendant in the respect mentioned. I regard it, therefore, as materially erroneous for the learned trial court, in its last words to the jury, to have said there was no evidence in the case that plaintiffs violated any statute.

The order denying the motion to resettle the case should be affirmed, and the judgments and the orders denying motions for new trials should be reversed upon the law and a new trial granted, with costs to appellant to abide the event.

In each case: Appeal from order denying resettlement dismissed, without costs. Judgment and order affirmed, with costs.